Edward G. McCabe, Esq. County Attorney, Nassau
Your office has requested our opinion as to whether Nassau County has the authority to require bus companies to obtain approval from the county board of supervisors before operating a bus line in Nassau County.
Before 1983, the Transportation Law imposed numerous requirements on bus companies wishing to operate bus lines. Section 149 of the Transportation Law required a bus company to obtain the permission and approval of the Commissioner of Transportation, in the form of a certificate of public convenience and necessity issued after a hearing, in order to do business (Transportation Law, § 149[1]). In order to obtain the certificate of public convenience and necessity, section 149 required applicant bus companies to file in the Commissioner's office:
 "A verified statement showing that the required consent of the proper city or other municipal authorities has been obtained as required by the transportation corporations law or in the county of Nassau by the county government law of Nassau County . . ." (Transportation Law, § 149[2]).
Pursuant to this law, the Nassau County Charter was amended to require approval of the county board of supervisors before a certificate of public convenience and necessity was issued (Nassau County Charter, § 1401[2]).
In 1983, the Transportation Law was amended so as to eliminate this requirement for local approval of bus lines (L 1983, ch 635). The new statute only requires that a bus company receive a certificate of approval from the Commissioner of Transportation in order to operate (Transportation Law, § 152[1]). The determination as to whether a certificate is issued is made after notice is given to all parties, and under certain circumstances, after a hearing (id., § 154[1], [2] and [7]). The effect of the revision is to deregulate, to a great extent, the bus industry. This intent is reflected in the Governor's memorandum accompanying the bill amending the Transportation Law:
 "This measure constitutes an important step in the regulatory reform of the intrastate transportation industry. It will eliminate many of the obsolete provisions and constraints placed on private industry while retaining those regulatory controls that are necessary to assure continued consumer rate protection and adequate service" (Governor's Memorandum, Bill Jacket, L 1983, ch 635).
Your question is whether the provisions of the county charter may be enforced in light of these amendments to the State Transportation Law.
It appears that section 1401(2) of the county charter was enacted to implement the local approval requirement of former section 149 of the Transportation Law. With the amendment of State law, the statutory basis for the charter provision was removed. In any event, although county charter laws need not be consistent with general State laws (subject to specified limitations) (Smithtown v Howell, 31 N.Y.2d 365
[1972]; Heimbach v Mills, 67 A.D.2d 731 [2d Dept, 1979]), in areas of State concern home rule is not implicated, and local enactments, such as county charter provisions, must be consistent with laws passed by the State Legislature (Adler v Deegan, 251 N.Y. 467 [1929]). It appears from the legislative history of chapter 635 of the Laws of 1983 that the intent was to deregulate partially the private bus industry on a Statewide basis through removal of obsolete provisions and constraints. If inconsistent local requirements were permitted, this would defeat the substantial State concern underlying the State statute.
We conclude that Nassau County lacks the authority to require bus companies to obtain approval from the county board of supervisors before operating a bus line in Nassau County.